IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| Mathew Stone, | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | Case No. _____ |
| Marten Transport, Ltd., Max R. Pittner, Jr. and Americold MFL 2010, L.L.C., | § § § § | |
| **Defendants.** | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Matthew Stone, Plaintiff herein, and files this Original Complaint against Marten Transport, Ltd., Max R. Pittner, Jr., and Americold MFL 2010, L.L.C., Defendants herein, and would respectfully show the Court as follows:

### I.

### PARTIES

1. Plaintiff Matthew Stone (TDL# XXXXX194, SS# XXX-XX-X389) resides in Fort Worth, Tarrant County, Texas.

2. Defendant Marten Transport, Ltd. (hereinafter "Marten Transport") is a foreign corporation and may be served with process through its registered agent, C. T. Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

3. Defendant Max R. Pittner, Jr. is an individual residing in Jefferson County, Ohio, and may be served with process at this residence, 8645 City Highway 22A, Bloomingdale, Jefferson County, Ohio 43910.

4. Defendant Americold MFL 2010, L.L.C. (hereinafter "Americold") is a foreign corporation and may be served with process through its registered agent C. T. Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

## II.

## JURISDICTION AND VENUE

5. Plaintiff Mathew Stone is currently domiciled in and a citizen of Texas.

6. Defendant Americold was, and is now, a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Georgia, this court has personal jurisdiction over Americold because it has purposefully availed itself of the privilege of conducting activities within the state of Texas, thus invoking the benefits and protections of its laws. *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958).

7. Defendant Marten Transport was, and is now, a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Wisconsin, this court has personal jurisdiction over Marten Transport because it has purposefully availed itself of the privilege of conducting activities within the state of Texas, thus invoking the benefits and protections of its laws. *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958).

8. This court has jurisdiction over the subject matter of this lawsuit under 28 U.S.C. §1332(a)(1) because the Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

9. This court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's claims against Max R. Pittner, Jr., a citizen of the State of Ohio, because Plaintiff's claims are so

related to the claims within the court's original jurisdiction that they form part of the same case or controversy under Article 3 of the U.S. Constitution.

10. Venue is proper in the Eastern District of Texas, Marshall Division pursuant to 28 U.S.C. 1391(a), as it is a jurisdiction in which Defendants Americold and Marten Transport are subject to personal jurisdiction.

### III.

### SUBSTANTIVE LAW

11. The injuries in this action occurred in Tennessee and the substantive law applicable to this case is Tennessee law.

### IV.

### FACTS

12. This suit arises from serious personal injury sustained in a tractor-trailer/pedestrian incident that occurred on or about August 28, 2010, on the premises owned and operated by Defendant Americold at 2641 Stephenson Drive, Murfreesboro, Tennessee (hereafter "the Premises"). On such date, Plaintiff was inspecting the rear doors of a tractor-trailer backed into a parking spot on the Premises. Defendant Max R. Pittner, Jr., an employee of Defendant Marten Transport, was operating a tractor-trailer parked directly behind the tractor-trailer Plaintiff was inspecting. Suddenly and unexpectedly, Defendant Max R. Pittner, Jr. released his brakes and caused his tractor-trailer to roll backwards and slam into the tractor-trailer Plaintiff was inspecting striking and pinning Plaintiff between the two trailers. As a result thereof, Plaintiff suffered serious and life-threatening bodily injuries and damages as set forth below.

## V.

## **NEGLIGENCE OF MAX R. PITTNER, JR. AND MARTEN TRANSPORT**

13. On the occasion in question, Defendant Marten Transport, acting by and through its agents, servants, and employees, and Defendant Max R. Pittner, Jr., himself, had a duty to Plaintiff to exercise ordinary care and operate the vehicle in a reasonable and prudent manner. Defendant Max R. Pittner, Jr. breached that duty in one or more of the following ways:

   a. Failing to keep such lookout as a person of ordinary prudence would have done in the same or similar circumstances;

   b. Failing to apply the brakes of his vehicle in order to avoid the occurrence in question;

   c. Failing to operate the tractor-trailer with due regard for the safety of others;

   d. Failing to operate the tractor-trailer in a safe manner; and

   e. Failing to check the rear of his vehicle before releasing the brake of the vehicle.

14. Each and all of the negligent acts and omissions of Defendants constitute negligence and, singularly or together, directly and proximately caused the occurrence in question and resulted in the injuries and damages to Plaintiff. At the time of the occurrence in question, Defendant Max R. Pittner, Jr. was acting in the course and scope of his employment with Defendant Marten Transport, and such negligent acts as set forth herein were and are attributable to Defendant Marten Transport under the vicarious liability theory of *respondeat superior*.

15. At the time of the occurrence in question, Defendant Marten Transport was negligent in its hiring, retention, supervision, and/or training of Defendant Max R. Pittner, Jr.

## VI.

## NEGLIGENCE OF AMERICOLD

16. Americold owed Matthew Stone the duty to use ordinary care and diligence to maintain the premises in a reasonably safe condition. The failure to properly install barriers or breaks of any kind to prevent tractor-trailers from rolling backward, across the median, and into pedestrians and other vehicles, created an unreasonable risk of harm that Americold knew about or in the exercise of ordinary care should have known about.

17. Included in Americold's obligation was the duty to inspect or to discover this condition and to make such condition safe or to provide an adequate warning. The condition existed long enough for Defendant to know of the danger or should have known of the dangerous condition, and yet failed to take action to remove the conditions or to warn Matthew Stone of the danger, thereby proximately causing Matthew Stone to sustain serious injuries. Defendant Americold breached that duty in one or more of the following ways:

    a. In failing to inspect and discover any dangerous condition and to make such conditions safe or to provide an adequate warning;

    b. In failing to remove the danger or warn Plaintiff of the danger; and

    c. In failing to take precautions to prevent such occurrences.

Each and all of said acts were negligent and, taken singularly and collectively, directly and proximately caused the occurrence and resulted in the injuries and damages hereinafter set out.

18. Americold is responsible for the negligent acts and/or omissions of its employees under the doctrine of *Respondeat Superior*, as said employees were acting under the course and scope of their employment with Americold.

## VII.

## GROSS NEGLIGENCE

19. Defendant Max R. Pittner, Jr.'s action of failing to apply the brakes or otherwise stop the vehicle he was driving once it began rolling was done with utter unconcern for the safety of other, including Matthew Stone. Max R. Pittner, Jr.'s acted with such a reckless disregard for the rights and safety of others that a conscious indifference to the consequences is implied by law.

20. Defendant Americold acts and/or omissions in failing to install a mechanism to stop a vehicle rolling across the median into other vehicles or pedestrians, despite having knowledge that other vehicles had rolled off the pavement, were done with an utter unconcern for the safety of others, including Matthew Stone. Americold acted with such a reckless disregard for the rights and safety of others that a conscious indifference to the consequences is implied by law.

21. The acts and omissions of Defendant Max R. Pittner, Jr. and Americold were wanton, reckless, illegal, or done with conscious and deliberate disregard for the safety and rights of Matthew Stone.

22. As a result of the acts and omissions of Defendants Max R. Pittner, Jr. and Americold, Matthew Stone is entitled to punitive damages.

## VIII.

## DAMAGES

23. As a result of the occurrence in question, Plaintiff Matthew Stone suffered personal injuries and now seeks to recover all damages he is entitled to recover by law as a result of the negligent conduct of Defendants as complained above. These damages include, without

limitation,

        a. Reasonable and necessary medical expenses in the past;

        b. Reasonable and necessary medical expenses likely to be incurred in the future;

        c. Conscious physical pain and suffering experienced in the past;

        d. Conscious physical pain and suffering reasonably likely to be experienced in the future;

        e. Mental anguish in the past;

        f. Mental anguish reasonably likely to be experienced in the future;

        g. Physical impairment in the past;

        h. Physical impairment reasonably likely to be experienced in the future;

        i. Mental impairment in the past;

        j. Mental impairment likely to be experienced in the future;

        k. Disfigurement in the past;

        l. Disfigurement likely to be experienced in the future;

        m. Loss of earning capacity in the past;

        n. Loss of earning capacity likely to be experienced in the future; and

        o. Costs of suit.

24. If Plaintiff Matthew Stone suffered from any separate injury or condition of his body before or after the occurrence in question, such separate injury or condition was not pain producing or disabling but was aggravated by the injuries that resulted from the occurrence in question.

25. Plaintiff seeks recovery of pre-judgment interest as provided by law.

26. Plaintiff is entitled to recover exemplary damages.

## IX.

## JURY DEMAND

27. Plaintiff requests that a jury be selected for the trial of this cause.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Matthew Stone respectfully requests the following relief, jointly and severally, against Defendants Max R. Pittner, Jr. and Marten Transport, Ltd. and Americold MFL 2010, LLC.:

a. Actual damages in an amount in excess of the minimum jurisdictional limits of this Court;

b. Pre-judgment and post-judgment interest on all damages at the highest rate allowed by law;

c. Costs of suit;

d. Punitive damages; and

e. Such other and further relief, at law and in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

s/J. Robert Miller, Jr.
**J. ROBERT MILLER, JR.**
Attorney in Charge
State Bar No. 14092500
rmiller@miller-brown.com
**MILLER & BROWN, L.L.P.**
400 South Ervay Street
Dallas, Texas 75201-5513
(214) 748-7600
FAX: (214) 204-9134

ATTORNEYS FOR PLAINTIFF