# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MATTHEW STONE, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) Case No. 3:12-cv-0396 |
| v. | ) Judge Aleta A. Trauger |
| | ) |
| MARTIN TRANSPORT, LLC, MAX R. | ) |
| PITTNER, JR., AMERICOLD MFL 2010, | ) |
| L.L.C., and DLS TRUCKING, INC., | ) |
| | ) |
|     **Defendant,** | ) |

## MEMORANDUM AND ORDER

On August 28, 2010, plaintiff Mathew Stone suffered serious injuries when a truck and attached trailer operated by defendant Max R. Pittner, Jr., who was driving for Marten Transport, LLC (collectively, "Marten/Pittner"), rolled back over a grass median strip into Stone, who was inspecting the back of a different trailer on the other side of the median. Defendant Americold MFL 2010, L.L.C. ("Americold"), owns the facility at which the incident occurred. Among his claims against multiple defendants, Stone argues that Americold is liable to him for compensatory damages and punitive damages under theories of negligence, gross negligence, and/or recklessness.[1] Americold has filed a Partial Motion for Summary Judgment on the issue of punitive damages (Docket No. 111), to which Stone has filed a Response in opposition

---

[1] In addition to Americold and Marten/Pittner, Stone also sued three other entities that are not the subject of this motion. Two of those defendants were dismissed by consent under Rule 41(a)(1)(ii). (*See* Docket No. 96). The third defendant, DLS Trucking, Inc., is being dismissed as a party pursuant to a separate Memorandum and associated Order issued concurrently herewith. The remaining defendants are Marten/Pittner and Americold.

1

(Docket No. 119), and Americold filed a Reply (Docket No. 127).[2]

Under Tennessee law, to be entitled to punitive damages, a plaintiff must show, by clear and convincing evidence, that a defendant acted (1) intentionally, (2) fraudulently, (3) maliciously, or (4) recklessly. *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (1992). "A person acts recklessly when the person is aware of, but consciously disregards, a substantial and unjustifiable risk of such a nature that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances." *Id.*[3]

In *Hodges*, the Tennessee Supreme Court emphasized that punitive damages must be restricted to "avoid dulling the potentially keen edge of the doctrine as an effective deterrent of truly reprehensible conduct." *Id.* (internal citations and quotations omitted). Tennessee imposes a higher standard of proof for punitive damages claims in light of "the twin purposes of punishment and deterrence: fairness requires that a defendant's wrong be clearly established before punishment, as such, is imposed; awarding punitive damages only in clearly appropriate cases better effects deterrence." *Id.* Thus, punitive damages may be awarded "only in the most egregious of cases." *Id.*

Here, having reviewed the evidence identified by Stone in support of his opposition to Americold's motion, the court is convinced that Stone cannot meet the demanding Tennessee

---

[2] Americold's Memorandum of Law in support of its Partial Motion for Summary Judgment was incorrectly designated as a pending "motion" on the docket. (*See* Docket No. 112.) The Clerk is directed to term that entry in connection with this Memorandum and Order.

[3] Stone has not contested Americold's position that Stone cannot establish the first three of these grounds for punitive damages. Therefore, the court must consider only whether Stone could establish at trial, by clear and convincing evidence, that Americold acted "recklessly" under the heightened standard articulated in *Hodges*.

standard for punitive damages. A jury could reasonably construe the evidence as establishing that Americold caused or contributed to the incident by failing to install wheel stops (or some other feasible "roll-back" prevention method) that would have prevented the accident at issue from occurring. However, Stone has not identified evidence of an industry standard or custom that Americold violated in the first place (let alone recklessly). Similarly, Stone has not identified evidence of rollbacks at the truck yard in a frequency and manner sufficient to establish that, by clear and convincing evidence, Americold consciously disregarded a known and unjustifiable risk of the type of incident that occurred here. More generally, the evidence identified by Stone relative to Americold simply does not reflect any "truly reprehensible" or "egregious" conduct by Americold sufficient to support a punitive damages finding at trial. Accordingly, the court finds that, relative to Stone's claims against Americold, this is not the type of "clearly appropriate" case in which a jury reasonably could award punitive damages against Americold under the demanding *Hodges* standard.

For the reasons stated herein, Americold's motion (Docket No. 111) is **GRANTED** and Stone's punitive damages claims against Americold are hereby **DISMISSED**. Stone's remaining claims against Americold will proceed to trial. As a housekeeping matter, the Clerk is also directed to term Docket No. 112, which was incorrectly docketed as a separate pending motion.

It is so **ORDERED**.

Enter this 25th day of April 2014.

_____
ALETA A. TRAUGER
United States District Judge